IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WEINFUSE, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ENDUE, INC. and KATARINA CASTANEDA,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO AMEND**<br><br>Case No. 2:24-cv-518-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Now before the court are two related Motions. First, Defendants Endue, Inc. and Katarina Castaneda together filed a Motion to Dismiss Plaintiff WeInfuse, LLC's First Amended Complaint (Motion to Dismiss).[1] Second, WeInfuse filed a Motion for Leave to File Second Amended Complaint (Motion for Leave to Amend).[2] For the reasons explained below, WeInfuse's Motion for Leave to Amend is GRANTED and Defendants' Motion to Dismiss is DENIED as moot.

### BACKGROUND[3]

WeInfuse is a Texas limited liability company that specializes in providing specialized software to medical infusion centers (the Software).[4] The Software enjoys copyright and trade secret protection.[5] WeInfuse contractually permits certain licensees, business partners, and

---

[1] Dkt. 28, *Defendants' Rule 12(B)(6) Motion to Dismiss* (*Motion to Dismiss*).

[2] Dkt. 36, *Motion for Leave to File Second Amended Complaint* (*Motion for Leave to Amend*).

[3] The following facts are drawn from WeInfuse's Proposed Second Amended Complaint. *See* Dkt. 36-1, *Second Amended Complaint* (*SAC*).

[4] *SAC* ¶¶ 1, 10.

[5] *Id*. ¶¶ 13, 16–23.

1

authorized individual users to access the Software.[6] Endue is a Delaware corporation that competes against WeInfuse in the same market.[7] WeInfuse alleges Endue improperly gained access to the Software by "brib[ing]" authorized users to induce them to breach applicable contracts with WeInfuse.[8] WeInfuse alleges one such user is Defendant Katarina Castaneda.[9] Until recently, Castaneda was employed by PURE Healthcare (PURE), a WeInfuse client that uses the Software pursuant to a License Agreement.[10] Castaneda's use of the Software was governed by a User Agreement.[11]

WeInfuse alleges Endue paid Castaneda to grant it access to the Software and steal trade secrets.[12] Email exchanges between Endue's CEO and Castaneda reveal that Castaneda advised Endue as an independent contractor while employed by PURE.[13] In this role, Castaneda responded to Endue's direct requests for confidential information about the Software.[14] Castaneda also allegedly participated in video calls with Endue employees and shared her screen with them so that Endue representatives could access the Software.[15] Once it gained access, WeInfuse alleges Endue took screenshot images of the Software and used them in presentations

---

[6] *Id.* ¶¶ 14–15.

[7] *Id.* ¶¶ 2, 24.

[8] *Id.* ¶ 24.

[9] *Id.* ¶ 41.

[10] *Id.* ¶¶ 41–42.

[11] *Id.* ¶ 48.

[12] *Id.* ¶¶ 50–57.

[13] *Id.* ¶¶ 50–51.

[14] *Id.* ¶¶ 52–55.

[15] *Id.* ¶ 56.

to solicit investors.[16] WeInfuse also alleges Endue used Castaneda's services to "reverse engineer" and replicate the Software.[17]

Before the instant action, and before discovering Castaneda's role in the scheme, WeInfuse sued Endue in the United States District Court for the Northern District of Texas (the Texas Suit).[18] The court dismissed the case without prejudice for lack of personal jurisdiction.[19]

WeInfuse initiated the present suit against Endue and Castaneda on July 25, 2024.[20] Defendants filed their first Motion to Dismiss on September 23, 2024.[21] On October 15, 2024, WeInfuse filed its First Amended Complaint under Federal Rule of Civil Procedure 15(a)(1)(B), and the court subsequently denied Defendants' Motion to Dismiss as moot.[22] Defendants filed a renewed Motion to Dismiss two weeks later, which is fully briefed and ripe for review.[23] However, on November 22, 2024—after Defendants filed their renewed Motion to Dismiss but before WeInfuse responded—PURE assigned WeInfuse all of its claims against Endue (the Assignment of Claims).[24] Two months later, on January 22, 2025, WeInfuse moved to amend its Complaint to assert PURE's claims.[25]

In its Proposed Second Amended Complaint, WeInfuse brings the following claims: breach of the WeInfuse User Agreement against Castaneda; tortious interference against

---

[16] *Id*. ¶¶ 25–27.

[17] *Id*. ¶ 52.

[18] *Id*. ¶ 38.

[19] *Id*.

[20] Dkt. 1, *Complaint*.

[21] Dkt. 25, *Defendants Rule 12(b)(6) Motion to Dismiss and Memorandum in Support* (*First Motion to Dismiss*).

[22] Dkt. 26, *Amended Complaint*; Dkt. 27, *Docket Text Order*.

[23] *Motion to Dismiss*; Dkt. 31, *Plaintiff's Response to Defendants' Motion to Dismiss* (*Response to MTD*); Dkt. 34, *Defendants' Reply in Support of Rule 12(b)(6) Motion to Dismiss* (*Reply in Support of MTD*).

[24] *SAC* ¶ 48.

[25] *Motion for Leave to Amend*.

Castaneda; tortious interference against Endue; violations of the Defend Trade Secrets Act (DTSA) and the Utah Uniform Trade Secrets Act (UTSA) against Castaneda and Endue for misappropriating WeInfuse's trade secrets; business disparagement against Endue; unfair competition against Endue; copyright infringement against Endue; false advertising against Endue; violation of the Computer Fraud and Abuse Act against Endue; violations of the DTSA and UTSA against Castaneda and Endue for misappropriating PURE's trade secretes; breach of PURE employment agreements against Castaneda; fraudulent nondisclosure against Castaneda on behalf of PURE; and tortious interference against Endue on behalf of PURE.[26] WeInfuse's Motion for Leave to Amend is fully briefed and ripe for review.[27]

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedures provides that, after a responsive pleading has been served, "a party may amend its pleading only with . . . the court's leave."[28] "The court should freely give leave [to amend] when justice so requires,"[29] because "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[30]

The Tenth Circuit instructs that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

---

[26] *SAC* ¶¶ 66–163.

[27] *Motion for Leave to Amend*; Dkt. 40, *Response to Motion for Leave to File Second Amended Complaint* (*Response to Motion for Leave*); Dkt. 44, *Reply in Support of Motion for Leave to File Second Amended Complaint* (*Reply in Support of Motion for Leave*).

[28] Fed. R. Civ. P. 15(a)(2).

[29] *Id.*

[30] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

amendment."[31]  Whether an amendment is futile depends on whether "the complaint, as amended, would be subject to dismissal."[32]  "A general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper."[33]

## ANALYSIS

The court finds Defendants' various objections to the Assignment of Claims inapt for resolution in the context of WeInfuse's present Motion for Leave to Amend because Defendants do not demonstrate WeInfuse's amendments reflecting the Assignment are futile, dilatory, or improper on any other grounds.  Accordingly, the court grants WeInfuse's Motion for Leave to Amend.  The court declines to opine on the sufficiency of WeInfuse's allegations until further briefing on the operative Complaint.

### I. Defendants' Objections to the Assignment of Claims Lack Factual and Legal Support and Fail to Demonstrate any Grounds to Deny WeInfuse's Motion.

Defendants contend WeInfuse's attempt to amend its complaint is futile because the Assignment of Claims lacks consideration, fails to confer WeInfuse a viable interest in PURE's trade secrets, attempts to assign non-assignable claims, and is otherwise collusive and untimely.[34]

---

[31] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

[32] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) (citing *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)).

[33] *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *2 (D. Colo. July 11, 2022) (first citing *Foman*, 371 U.S. at 182; and then citing *Jefferson Cnty.*, 175 F.3d at 859); *see also Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) ("The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases.") (citation omitted).

[34] *Response to Motion for Leave* at 3–5.

Plaintiffs, on the other hand, insist Defendants have no legal or factual grounds to challenge the Assignment and misapprehend the relevant law on assignments of claims.[35]

Given the limited briefing on these issues in the Rule 15 context, the court declines to definitively resolve them. But on these papers, Defendants have not demonstrated Plaintiff's amended claims brought on behalf of PURE are "subject to dismissal"[36] or otherwise improper. Despite their accusation to the contrary, Defendants proffer no evidence demonstrating the Assignment is a "sham" that lacks consideration.[37] And in any case, Plaintiff contends that Texas law governs the assignment, and Texas law prohibits third parties from challenging a defect in the assignment.[38] Plaintiff also argues neither Texas nor Utah law require an express statement of consideration—which appears to be the basis of Defendants' argument that the assignment lacks consideration—for a contract to be enforceable.[39] At bottom, there is nothing to suggest the Assignment lacked consideration, and Plaintiffs expressly dispute that the Assignment was not supported by consideration.[40] At this stage of the proceedings, the court must draw all reasonable inferences in Plaintiff's favor,[41] and Plaintiff need not proffer the details of its transaction with PURE to avoid an inference that the assignment was a sham.

Furthermore, Defendants fail to demonstrate that the assigned claims are non-assignable, such that an amendment to include them would be futile. Defendants argue that WeInfuse lacks

---

[35] *See generally Reply in Support of Motion for Leave*.

[36] *Moody's Inv.'s Servs.*, 175 F.3d at 859 (citation omitted).

[37] *Response to Motion for Leave* at 2, 9.

[38] *Id*. at 2–3 (citing *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App. 2014)).

[39] *Id*. at 3.

[40] *Reply in Support of Motion for Leave* at 4.

[41] *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir. 2020); *see also Extraction Oil & Gas, Inc. v. City & Cnty. of Broomfield*, No. 20-cv-02779-RM-NYW, 2022 WL 703910, at *4 (D. Colo. Mar. 9, 2022) (applying Rule 12(b)(6) standard to futility analysis under Rule 15).

standing to assert PURE's fraud, tortious interference, and trade secret claims for various reasons[42] while Plaintiff disputes Defendants' choice of law and otherwise challenges the authorities upon which Defendants rely.[43] Defendants have not had the opportunity to respond on these points and the court declines to address them until they are fully briefed.

Finally, Defendants fail to show the Assignment of Claims evinces a collusive intent or undue delay. "Delay is 'undue' only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party."[44] While it is true that WeInfuse waited two months to amend its Complaint after receiving the Assignment, and meanwhile responded to Endue's Motion to Dismiss, WeInfuse contends they used this time to investigate the claims.[45] Given this case is still in its early stages and the Assignment did not take place until after WeInfuse filed its prior Complaint, the court sees no grounds to find that its delay in moving to amend was "undue."[46]

Additionally, there is no evidence that WeInfuse collusively orchestrated the Assignment to delay facing the music on Endue's Motion to Dismiss; after all, it responded to the Motion in due course, suggesting it was prepared to defend against the Motion notwithstanding the Assignment. And in any case, Defendants rely on an inapposite case in arguing that the

---

[42] *Response to Motion for Leave to Amend* at 4–5 (citing *Gilbert v. DHC Dev., LLC*, No. 2:08-cv-258 BSJ, 2013 WL 4881492, at *10 (D. Utah Sept. 12, 2013) and *N8 Med., Inc. v. Colgate-Palmolive Co.*, No. 2:13-cv-01017-BSJ, 2017 WL 11639202, at *3 (D. Utah Mar. 8, 2017)).

[43] *Reply in Support of Leave to Amend* at 4–5.

[44] *Sullivan v. Equifax Info. Servs. LLC*, No. 14-cv-02377-CMA-KLM, 2015 WL 4480899, at *4 (D. Colo. July 23, 2015) (citing *Minter*, 451 F.3d 1196 at 1205 (10th Cir. 2006)).

[45] *Reply in Support of Leave to Amend* at 8.

[46] *Sullivan*, 2015 WL 4480899, at *4 (explaining that a court may find undue delay where the movant waits until close to trial to assert new claims or if the movant knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint) (internal citations and quotation marks omitted).

Assignment was collusive.[47] As WeInfuse points out, *Wilkinson v. Simon* dealt with an assignment of claims in the context of a subject matter jurisdiction dispute after full briefing and a hearing on a Rule 12(b)(1) Motion, not in the context of a Rule 15 amendment.[48] Furthermore, the timing of the assignment was not the only basis for the *Wilkinson* court's determination that the joinder was collusive. Rather, the corporate and contractual relationship between the assignor and assignee raised serious additional concerns.[49] Here, the record is devoid of comparable facts, making Defendants' argument insufficient at this stage of the proceedings.[50] For the reasons stated above, the court finds it is in the interest of justice to grant WeInfuse leave to amend.

## II. The Court Defers Judgment on Whether WeInfuse Stated Plausible Claims Until It Receives Briefing on the Operative Complaint.

WeInfuse cites a series of cases—both inside and outside the Tenth Circuit—in support of its request for this court to delay any determination on the sufficiency of its allegations until both parties have the opportunity to fully brief the factual and legal disputes in the operative Complaint.[51] The court agrees on the propriety of such an approach here given the nature of the

---

[47] *Response to Motion for Leave to Amend* at 9.

[48] No. 2:04-cv-39-DAK, 2004 WL 1459452 (D. Utah June 24, 2004).

[49] *Wilkinson*, 2004 WL 1459452, at *3.

[50] Defendants also refer to the Texas Suit as evidence of WeInfuse's bad faith. *See Response to Motion for Leave to Amend* at 1, 11. However, the court fails to see how that lawsuit—which was dismissed without prejudice for lack of jurisdiction and filed before WeInfuse learned about Castañeda's involvement—is relevant here.

[51] *Reply in Support of Motion for Leave* at 5–6 (first citing *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. CIV-A07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008); then citing *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014); and then citing *JP Morgan Chase & Co. v. Affiliated Computer Servs., Inc.*, No. 08–189–SLR, 2009 WL 540673, at *1 (D. Del. Mar. 4, 2009)).

disputes[52] and the fact that some of WeInfuse's amendments concern the factual circumstances surrounding the alleged misappropriation of trade secrets.[53] At a minimum, the court acknowledges that WeInfuse's trade secret claims are not "patently futile," such that denying leave to amend would not be appropriate here.[54]

## CONCLUSION

For the foregoing reasons, the court GRANTS WeInfuse's Motion for Leave to Amend[55] and DENIES as moot Defendants' Motion to Dismiss.[56]

SO ORDERED this 3 day of April 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[52] Defendants refer to their Motion to Dismiss in arguing that WeInfuse's amendments are futile, directing the court to their "identif[ication] [of] collateral estoppel, insufficient descriptions of the alleged trade secrets, and public disclosure as foreclosing WeInfuse's trade secret claims." *Response to Motion for Leave* at 5 n.27. The court notes that a hearing on these issues—after briefing directed at the operative Complaint—may be prudent and in turn supports Plaintiff's position that a resolution is inapt at this juncture.

[53] *See Redline Comparison of First Amended Complaint and Proposed Second Amended Complaint* at pp. 23–24 (adding allegations about how Endue designers gained unlawful access to WeInfuse trade secrets).

[54] *Cousik v. City & Cnty. of Denver*, No. 22-cv-01213-NYW-SKC, 2022 WL 16713088, at *3 (D. Colo. Nov. 4, 2022) (citation omitted).

[55] Dkt. 36.

[56] Dkt. 28.